THE defendant was indicted for the murder of Joseph Williams, on the 30th of December, 1850.
The juror first called said on the voire dire, that he had formed an opinion on the evidence adduced on the trial of Empson Bayard, for the same murder: such an opinion as without counteracting testimony, would be conclusive against the prisoner.
The Court allowed the challenge for cause.
The next juror said he had formed an impression as to the guilt of the prisoner, not founded on evidence, though he had heard a part of the evidence in the case of Bayard, but which he thought could have no bias on his judgment.
 Challenge overruled.
One of the jurors called, said he had formed, but not expressed, an opinion in reference to the prisoner's guilt; that such opinion was founded on rumor or general report relative to the case; but he was *Page 494 
not sensible that this had produced any bias on his mind that might be prejudicial to the prisoner.
He was still objected to; but the court over-ruled the objection.
The Court. — It was formerly held that if a juror said he formed andexpressed an opinion in reference to the guilt of prisoner, it was a disqualification, without any thing further; but decision rested on the probable bias which an expression of the opinion would be likely to produce.
But since it had been allowed to put the question whether juror hadformed an opinion, it became essential to ascertain what the juror meant by an opinion, and his own sense of the bias it produced on his mind. An opinion formed on mere rumor, and which the juror could not perceive to have produced any bias, could be properly called only an impression which could have no weight, unless supported by some proof on the trial. (Digest, 144.)
In the course of the trial, the Attorney General moved for a writ of habeas corpus ad testificandum, to bring Empson Bayard into court; and offered him as a witness.
Mr. Johnson. — The witness now offered was yesterday convicted of the murder of Joseph Williams, as appears by the record. That conviction renders him infamous, and incompetent as a witness.
Attorney General. — There can be no conviction proved but the record of the judgment, for non constat but that judgment will be arrested. (Ros. Civ. Ev., 101; 1 Chitt. Crim. Law., 601; Bac.Ab., 583; Bouvier's Law Dic., Conviction.)
Mr. Johnson. — The act of assembly provides that if a person convicted of a felony, he shall be regarded as incompetent. A conviction is one thing — the judgment or sentence another. The The common law does not deem a man infamous before judgment; our a goes further, and disqualifies him on conviction. It may be that the judgment may be arrested, but until then, he is infamous.
The Court rejected the testimony.
 The prisoner was convicted, and executed.